IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DEVIN PUGH,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:25-cv-584-RAH-CWB |
| | ) |
| **DELTA AIRLINES, et al.,** | ) |
| | ) |
| Defendants. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Devin Pugh, who is proceeding *pro se*, filed this action on July 30, 2025 (Doc. 1) and sought leave to proceed *in forma pauperis* (Doc. 7). By Order entered September 9, 2025 (Doc. 8), *in forma pauperis* status was granted and service of process was deferred pending threshold review of the Complaint pursuant to 28 U.S.C. § 1915(e). After conducting such review and concluding that the Complaint was insufficiently pleaded, the undersigned Magistrate Judge issued an Order on September 29, 2025 directing Pugh to file an Amended Complaint no later than October 13, 2025. (Doc. 9). The Order set out how the Complaint was deficient and what information should be included within the Amended Complaint. (*Id*.). Pugh further was expressly cautioned "**that his failure to file an Amended Complaint meeting the requirements of this Order and the Federal Rules of Civil Procedure will result in a recommendation that the action be dismissed**." (*Id.* at p. 5) (bold in original). Notwithstanding the directive to replead and warning against not doing so, Pugh failed to take any action by the imposed deadline.

The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See, e.g., Link v. Wabash R.R. Co*., 370 U.S. 626, 629-30 (1962). Such authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars

1

of the District Courts." *Id*. It further empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630-31. *See also Saint Vil v. Perimeter Mortg. Funding Corp*., 715 F. App'x 912, 915 (11th Cir. 2017). Here, the court finds that Pugh's failure to replead or otherwise respond by the imposed deadline constitutes a clear record of delay and/or willful contempt; and the court finds that any lesser sanction than dismissal would not be appropriate under the circumstances, *i.e*., where Pugh failed to act despite having been warned about the potential for dismissal. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).

Dismissal also would be proper for the reasons set forth in the September 25, 2025 Order (*See* Doc. 9). The Complaint alleges that the defendants "refuse to issue refunds if you cancel a booking." (*See* Doc. 1). Plaintiff asserts in conclusory fashion that such conduct "is not right" and purports to base a claim upon the 5th Amendment and "5-26 constitutional amendments." (*Id*.). However, the Complaint does not contain sufficient factual allegations that either of the defendants is a governmental actor or otherwise a proper defendant to a claim based upon constitutional rights. Nor does the Complaint connect any factual allegations to a particular constitutional violation. So even construed liberally, none of Pugh's allegations are sufficient to state a viable cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007). (stating that the purpose of the federal pleading requirement is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests.") (internal quotation marks and citation omitted); *see also Mamani v. Berzain*, 654 F. 3d 1148, 1156 (11th Cir. 2011) ("The possibility that – *if* even a possibility has been alleged effectively – these defendants acted unlawfully is not enough for a plausible claim.").

Moreover, Pugh has failed to establish that he has standing to assert the purported claims. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *see also Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 102 (1998). Among the requirements for standing is that the plaintiff must have suffered an "injury in fact"—meaning "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotation marks and citations omitted); *see also Scott v. Taylor*, 405 F.3d 1251, 1259 (11th Cir. 2005) (Jordan, J., concurring). Here, Pugh has not alleged that the underlying conduct affected him personally or otherwise reflects "an invasion of a legally protected interest." *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016), *as revised* (May 24, 2016) (explaining that Article III of the United States Constitution requires "concrete and particularized" injury that affects "the plaintiff in a personal and individual way") (citation omitted). And as a *pro se* party, Pugh is prohibited from representing the rights of others. *See* 28 U.S.C. § 1654 ("[P]arties may plead and conduct *their own cases* <u>personally</u> or <u>by counsel</u>.") (emphasis added); *FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) ("The right to appear *pro se* ... is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others.") (citation omitted); *Dickerson v. Ray*, No. 2:23-cv-315, 2023 WL 9183965, at *1 & n.1. (M.D. Ala. Dec. 22, 2023) ("Representation on behalf of another by a *pro se* litigant is typically determined to be a nullity.") (citations omitted); *Wint by & through Wint v. Fla. Palm Beach Sheriff*, 842 F. App'x 468, 471 (11th Cir. 2021) ("Ordinarily, if a party is represented by a non-attorney, a court may dismiss without prejudice.").

For all of these reasons, it is the **RECOMMENDATION** of the Magistrate Judge that this action be dismissed without prejudice.

It is **ORDERED** that all objections to this Recommendation must be filed no later than **November 10, 2025**. An objecting party must identify the specific portion(s) of all factual findings/legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 27th day of October 2025.

CHAD W. BRYAN
UNITED STATES MAGISTRATE JUDGE